# Exhibit "A"

Court of Common Pleas of Philadelphia County
Trial Division

## Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**NOVEMBER 2017**

E-Filing Number: 1711044688

**002001**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| DAVID A.. EISENBERG | LEISAWITZ HELLER ABRAMOWITCH PHILLIPS PC |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 4167 WINCHESTER RD.<br>ALLENTOWN PA 18104 | 2755 CENTURY BLVD.<br>WYOMISSING PA 19610 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | CHARLES J.. PHILLIPS ESQ |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 2755 CENTURY BLVD.<br>WYOMISSING PA 19610 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | R. BUCHER. EDEN ESQ |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 2755 CENTURY BLVD.<br>WYOMISSING PA 19610 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 3 | [X] Complaint   [ ] Petition Action   [ ] Notice of Appeal<br>[ ] Writ of Summons   [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[X] Jury<br>[ ] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

CASE TYPE AND CODE

4L - MALPRACTICE - LEGAL

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED**<br>**PRO PROTHY**<br><br>NOV **20** 2017<br><br>**M. BRYANT** | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>YES        NO |
|---|---|---|

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>DAVID A. EISENBERG</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| ROBERT J. MONGELUZZI | ONE LIBERTY PLACE 52ND  FLOOR<br>1650 MARKET ST.<br>PHILADELPHIA PA 19103 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (215) 496-8282 | (215) 496-0999 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 36283 | VSmith@smbb.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| *ROBERT MONGELUZZI* | Monday, November 20, 2017, 01:06 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.**
BY: ROBERT/MONGELUZZI/DAVID KWASS/
    ELIZABETH BAILEY
IDENTIFICATION NO.: 36283/65856/316689
52ND FLOOR
1650 MARKET STREET
PHILADELPHIA, PA 19103
(215) 496-8282

ATTORNEY FOR PLAINTIFF



Filed and Attested by the
Office of Judicial Records
20 NOV 2017 01:06 pm
M. BRYANT

---

DAVID A. EISENBERG, as Chapter 7 Trustee
of WILTON ARMETALE, INC. a/k/a
WAPITA, INC.
4167 Winchester Road
Allentown, PA 18104

    *Plaintiff*

v.

LEISAWITZ HELLER ABRAMOWITCH
PHILLIPS, P.C. d/b/a THE LAW FIRM OF
LEISAWITZ HELLER  d/b/a LEISAWITZ
HELLER
2755 Century Boulevard
Wyomissing, PA 19610

CHARLES J. PHILLIPS, ESQ.
2755 Century Boulevard
Wyomissing, PA 19610

EDEN R. BUCHER, ESQ.
2755 Century Boulevard
Wyomissing, PA 19610

PHILADELPHIA COUNTY
COURT OF COMMON PLEAS
LAW DIVISION

           TERM, 2017

No.

**JURY TRIAL DEMANDED**

**THIS IS NOT AN ARBITRATION MATTER**

Case ID: 171102001

| NOTICE | AVISO |
|---|---|
| "You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgement may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | demandado en corte. Si usted quiere defenderse contra las demandas nombradas en las páginas siguientes, tiene veinte (20) dias, a partir de recibir esta demanda y la notificatión para entablar personalmente o por un abogado una comparecencia escrita y tambien para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted. Sea avisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir culquier otra demanda o alivio solicitados por el demandante. Usted puede perder dinero o propiedad u otros derechos importantes para usted. |

HOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PARGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL. ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO.

THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL and INFORMATION SERVICE
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-1701"

SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO.

ASSOCIACION DE LICENDIADOS DE FILADELFIA
SERVICO DE REFERENCA E INFORMACION LEGAL
One Reading Center
Filadelña, Pennsylvania 19107
Telefono: (215) 238-1701"

## COMPLAINT – CIVIL ACTION

1.    Wilton Armetale, Inc. a/k/a Wapita, Inc., ("Wilton") a Pennsylvania corporation is a Chapter 7 Debtor in the United States Bankruptcy Court for the Eastern District of Pennsylvania, Case # 16-16779, in which David A. Eisenberg, Esq. is the currently serving Chapter 7 Trustee (collectively "Plaintiff").

2.    Defendant, Charles J. Phillips, Esq. ("Phillips") is an adult individual and citizen of the Commonwealth of Pennsylvania.

3.    Upon information and belief, at all relevant times, Phillips is an attorney at law, barred by the Pennsylvania Supreme Court and licensed to practice in the Commonwealth of Pennsylvania.

4.    Defendant, Eden R. Bucher, Esq. ("Bucher") is an adult individual and citizen of the Commonwealth of Pennsylvania.

Case ID: 171102001

5. Upon information and belief, at all relevant times, Bucher is an attorney at law, barred by the Pennsylvania Supreme Court and licensed to practice in the Commonwealth of Pennsylvania.

6. Defendant Leisawitz Heller Abramowitch Phillips, P.C. d/b/a the Law Firm of Leisawitz Heller and/or Leisawitz Heller ("the Law Firm") is a professional corporation which at all times is a law firm practicing in the Commonwealth of Pennsylvania with a registered address at 2755 Century Boulevard Wyomissing, PA 19610.

7. At all relevant times, Charles J. Phillips, Esquire and Eden R. Bucher Esq. performed legal services at, for and under the name of the Law Firm (collectively "Defendants").

8. At all relevant times, Defendants engage in business in the County of Philadelphia on a regular, systematic, substantial and continuous basis.

9. At all relevant times, the Defendants were retained to represent Wilton and Wilton's sole director, officer, and shareholder Ivan Jeffrey individually ("Jeffrey") for a fee.

10. At all relevant times, Phillips and Bucher were the attorneys assigned to handle matters related to Wilton and Jeffrey.

11. Plaintiff is asserting a professional liability claim against Defendants. The appropriate Certificates of Merit are attached.

12. At all relevant times, Wilton conducted business from a leased warehouse in Landisville, Pennsylvania, and operated its headquarters on property it owned located in Mt. Joy, Pennsylvania.

13. In March 2015, Wilton's property in Mt. Joy was appraised in value at $895,000.

14. On April 20, 2015, Wilton entered into a Loan and Security agreement ("subject agreement") with Delaware corporation, North Mill Capital, LLC ("North Mill").

Case ID: 171102001

15.    Pursuant to the terms of the subject agreement, North Mill extended a line of credit to Wilton in exchange for a $400,000 mortgage on the property in Mt. Joy and secured interest in the other Wilton assets, including but not limited to receivables, inventory, trademarks, tradename.

16.    The subject agreement required that all funds obtained by Wilton be placed in a lockbox account for North Mill.

17.    Additionally, as a part of the subject agreement, Jeffery entered into a $250,000 Junior Participation agreement, wherein he received a return rate of at least 6.25% from North Mill on the line of credit extended to Wilton.

18.    By September 29, 2015, Defendants recognized Wilton was in severe financial distress and was "in the process of drafting a controlled liquidation plan."

19.    In the process of executing a controlled liquidation plan and as was required by North Mill, Wilton, by and through the Defendants, began soliciting for buyers for Wilton's inventory.

20.    In November 2015, a Wilton creditor, Artesanias, filed an action to collect on a debt owed by Wilton allegedly totaling $920,000.

21.    The perceived value of the inventory (excluding real estate) was $1,750,000. However, Wilton received initial bid offers in a range of $900,000 to $1,250,000.

22.    North Mill offered a deal to Defendants according to which Wilton was to sell the inventory to Massachusetts-based liquidator, Gordon Brothers for $700,000 to $750,000,- substantially less than the other offers for the inventory.

Case ID: 171102001

23.     On February 12, 2016, Defendants advised North Mill that Wilton needed a higher price for all the assets, and that Gordon Brothers was undervaluing the intellectual property assets.

24.     At no point prior to sale did Defendants seek or obtain an appraisal of value for any of Wilton's assets.

25.     On March 2, 2016, in direct, unwaivable conflict with Wilton's interests, Defendants advised that Jeffrey would permit Wilton's assets to be sold to Gordon Brothers for significantly less than their value provided there was an "upside" for Jeffrey as the Junior participant at law. Specifically, Defendants negotiated for the sale of the all the non-real estate assets at a price less than that offered by other bidders if North Mill agreed to pay Jeffrey 20% of any proceeds from the sale of the property in Mt. Joy.

26.     On March 7, 2016, despite there being higher offers, Defendants arranged the sale of Wilton's non-real estate assets to Gordon Brothers for $725,000, to Wilton's detriment and Jeffrey's personal benefit.

27.     On March 8 and March 9, 2016, respectively, Defendants sent an invoice to and received payment from North Mill for its legal services in connection with its representation of Wilton and Jeffrey.

28.     On March 31, 2016, Defendants advised North Mill that it would not be defending any litigation filed against Wilton.

29.     As a result, on April 6, 2016, against Wilton's best interest, the Defendants did not oppose Artesanias' entry of judgment against Wilton for $900,658.17.

30.     Also on April 6, 2016, North Mill initiated a proceeding for confession of judgment for $606,361.48 against Wilton.

31.    On April 8, 2016, North Mill also filed for execution of sheriff's sale of the property in Mt. Joy.

32.    On April 29, 2016, the court entered the undefended Artesanias judgment, with pre-judgment interest, totaling $923,457.87.

33.    On May 3, 2016, at the direction of North Mill and Jeffrey, without proof or investigation, and against Wilton's best interest, Defendants consented to a confession of judgment and application for sheriff's sale on the Mr. Joy property.

34.    Defendants did not contest North Mill's later entry of judgment and execution of sheriff's sale of the Mt. Joy property for submarket value.

## COUNT I – NEGLIGENCE/PROFESSIONAL LIABILITY
### PLAINTIFF v. ALL DEFENDANTS

35.    Plaintiff hereby incorporates all the proceeding paragraphs.

36.    At all relevant times, Defendants were retained as legal counsel for Wilton for a fee.

37.    Defendants owed professional duty to all former, current and potential clients, including Wilton.

38.    Defendants breached their legal obligations and the industry standard of case as legal counsel for Wilton, generally, and specifically in the following respects:

   a.  Failure to exercise ordinary skill, care, and knowledge;

   b.  Failing to provide professional services consistent with  the legal profession in the Commonwealth of Pennsylvania and at large;

   c.  Continuing in the representation of two clients, despite the direct adversity of said clients' interest;

   d.  Continuing in the representation of two clients, despite being materially limited by the Defendants obligations to each client individually;

e.  Failing to recognize conflicts of interests arising from joint representation;

f.  Representing Jeffrey's interests to the direct detriment of Wilton;

g.  Failing to obtain an appraisal on real and non-real property sold in Wilton's liquidation;

h.  Failing to ensure that the Wilton assets were sold for full value

i.  Organizing and assisting in the sale of non-real property at submarket value to Jeffery's benefit and Wilton's and Wilton's creditor's detriment;

j.  Failure to defend Wilton's interests against creditor actions filed against Wilton;

k.  Failing to zealously represent Wilton's interests;

l.  Aiding and abetting a breach of fiduciary duty to Wilton and its creditors;

m.  Improperly communicating to the Wilton the Defendants' level of skill in handling legal matters, such as the Wilton's

n.  Failing to properly advise Plaintiffs;

o.  Failing to properly advocate for the Plaintiffs;

p.  Failing to abide by their professional duty to Plaintiffs; and

q.  Failing to abide by the Rules of Professional Conduct;

35.   As a direct and proximate result of the negligent and/or unskillful handling of

Plaintiff's legal matter, Wilton sustained substantial financial losses, including but not limited to

a.  Legal bills and fees related to Defendants' representation and resulting litigation;

b.  Sale of the Mt. Joy real estate for substantially less than its appraised value;

c.  Sale of Wilton's non-real estate assets for substantially less than appraised value and value offered by other interested buyers;

d.  Inflated entries of judgment by Wilton's creditors; and

e.  Other damages the full extent of which are not yet known.

Case ID: 171102001

**WHEREFORE**, Plaintiff David A. Eisenberg, as Chapter 7 Trustee of Wilton Armetale, Inc. a/k/a Wapita, Inc. claims of each and all of the Defendants an amount in excess of Fifty Thousand Dollars ($50,000.00) in damages.

## COUNT II –BREACH OF CONTRACT
## PLAINTIFF v. ALL DEFENDANTS

36.     The preceding paragraphs are hereby incorporated by reference with the same force and effect as if set forth at length herein.

37.     Defendants agreed for a fee to represent Wilton's interests.

38.     In so doing, Defendants expressly and implicitly agreed to provide professional services consistent with those expected of the legal profession at large.

39.     Defendants repeatedly breached the express and implicit terms of the agreement of representation with Wilton, as follows:

   a.   Failing to provide professional services consistent with  the legal profession in the Commonwealth of Pennsylvania and at large;

   b.   Violation of Pennsylvania Rule of Professional Conduct 1.1, in failing to provide competent representation;

   c.   Violation of Pennsylvania Rule of Professional Conduct 1.3, in failing to provide diligent representation;

   d.   Violation of Pennsylvania Rule of Professional Conduct 2.1, in failing to render candid advice;

   e.   Failing to ensure that the Wilton assets were sold for full value;

   f.   Organizing and assisting in the sale of non-real property at submarket value to Jeffery's benefit and Wilton's and Wilton's creditor's detriment;

   g.   Failure to defend Wilton's interests against creditor actions filed against Wilton;

   h.   Failing to zealously represent Wilton's interests;

Case ID: 171102001

i.  Aiding and abetting a breach of fiduciary duty to Wilton and its creditors;

j.  Other breaches of the express and implicit terms of the agreement of that rendered Wilton unable to assist in and make informed decisions about the course and objectives of her representation.

40.     As a direct and proximate result of the negligent and/or unskillful handling of Plaintiff's legal matter, Wilton sustained substantial financial losses, including but not limited to

a.  Legal bills and fees related to Defendants' representation and resulting litigation;

b.  Sale of the Mt. Joy real estate for substantially less than its appraised value;

c.  Sale of Wilton's non-real estate assets for substantially less than appraised value and value offered by other interested buyers;

d.  Inflated entries of judgment by Wilton's creditors; and

e.  Other damages the full extent of which are not yet known.

**WHEREFORE,** Plaintiff David A. Eisenberg, as Chapter 7 Trustee of Wilton Armetale, Inc. a/k/a Wapita, Inc. claims of each and all of the Defendants an amount in excess of Fifty Thousand Dollars ($50,000.00) in damages.

SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.

BY: _/s/ Robert J. Mongeluzzi_
      ROBERT J. MONGELUZZI
      DAVID L. KWASS
      ELIZABETH A. BAILEY
      Attorneys for Plaintiff, David A. Eisenberg, as Chapter 7
      Trustee of Wilton Armetale, Inc. a/k/a Wapita, Inc.

Dated: November 20, 2017

# VERIFICATION

The averments or denials of fact contained in the foregoing are true based upon the signer's

personal knowledge or information and belief.  If the foregoing contains averments which are

inconsistent in fact, signer has been unable, after reasonable investigation, to ascertain which of the

inconsistent averments are true, but signer has knowledge or information sufficient to form a belief

that one of them is true.  This Verification is made subject to the penalties of the 18 Pa. C.S. §4904,

relating to unsworn falsification to authorities.

David Eisenberg, Esq.,
Chapter 7 Trustee for   Wilton Armetale, Inc.
a/k/a Wapita, Inc.

Date: __11/15/2017__

Case ID: 171102001

DAVID A. EISENBERG, as Chapter 7 Trustee
of WILTON ARMETALE, INC. a/k/a
WAPITA, INC.
4167 Winchester Road
Allentown, PA 18104

    *Plaintiff*

v.

LEISAWITZ HELLER ABRAMOWITCH
PHILLIPS, P.C. d/b/a THE LAW FIRM OF
LEISAWITZ HELLER  d/b/a LEISAWITZ
HELLER;CHARLES J. PHILLIPS, ESQ.;
EDEN R. BUCHER, ESQ.

PHILADELPHIA COUNTY
COURT OF COMMON PLEAS
LAW DIVISION

        TERM, 2017

No.

**JURY TRIAL DEMANDED**

**THIS IS NOT AN ARBITRATION
MATTER**

## CERTIFICATE OF MERIT AS TO DEFENDANT CHARLES J. PHILLIPS, ESQ.

I, Robert Mongeluzzi , certify that:

☒ an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

AND/OR

☐ the claim that this defendant deviated from acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

OR

☐ expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against this defendant.

                Respectfully submitted,

                SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.

Case ID: 171102001

BY: */s/ Robert J. Mongeluzzi*
      ROBERT J. MONGELUZZI
      DAVID L. KWASS
      ELIZABETH A. BAILEY
      Attorneys for Plaintiff, David A. Eisenberg, as Chapter 7
      Trustee of Wilton Armetale, Inc. a/k/a Wapita, Inc.

Dated: November 20, 2017

Case ID: 171102001

**SALTZ, MONGELUZZI, BARRETT &
BENDESKY, P.C.**
BY: ROBERT/MONGELUZZI/DAVID KWASS/   ATTORNEY FOR PLAINTIFF
   ELIZABETH BAILEY
IDENTIFICATION NO.: 36283/65856/316689
52ND FLOOR
1650 MARKET STREET
PHILADELPHIA, PA 19103
(215) 496-8282

---

| | |
|---|---|
| DAVID A. EISENBERG, as Chapter 7 Trustee of WILTON ARMETALE, INC. a/k/a WAPITA, INC. <br> 4167 Winchester Road <br> Allentown, PA 18104 <br><br>     *Plaintiff* <br><br> *v.* <br><br> LEISAWITZ HELLER ABRAMOWITCH PHILLIPS, P.C. d/b/a THE LAW FIRM OF LEISAWITZ HELLER  d/b/a LEISAWITZ HELLER;CHARLES J. PHILLIPS, ESQ.; EDEN R. BUCHER, ESQ. | PHILADELPHIA COUNTY <br> COURT OF COMMON PLEAS <br> LAW DIVISION <br><br>     TERM, 2017 <br><br> No. <br><br> **JURY TRIAL DEMANDED** <br><br> **THIS IS NOT AN ARBITRATION MATTER** |

## CERTIFICATE OF MERIT AS TO DEFENDANT LEISAWITZ HELLER ABRAMOWITCH PHILLIPS, P.C. d/b/a THE LAW FIRM OF LEISAWITZ HELLER d/b/a LEISAWITZ HELLER

I, Robert Mongeluzzi , certify that:

☒    an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

    AND/OR

☒    the claim that this defendant deviated from acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed

Case ID: 171102001

professionals in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

OR

☐   expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against this defendant.

Respectfully submitted,

SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.

BY: /s/ Robert J. Mongeluzzi
ROBERT J. MONGELUZZI
DAVID L. KWASS
ELIZABETH A. BAILEY
Attorneys for Plaintiff, David A. Eisenberg, as Chapter 7
Trustee of Wilton Armetale, Inc. a/k/a Wapita, Inc.

Dated: November 20, 2017

2

Case ID: 171102001

| | |
|---|---|
| DAVID A. EISENBERG, as Chapter 7 Trustee of WILTON ARMETALE, INC. a/k/a WAPITA, INC.<br>4167 Winchester Road<br>Allentown, PA 18104<br><br>*Plaintiff*<br><br>v.<br><br>LEISAWITZ HELLER ABRAMOWITCH PHILLIPS, P.C. d/b/a THE LAW FIRM OF LEISAWITZ HELLER d/b/a LEISAWITZ HELLER;CHARLES J. PHILLIPS, ESQ.; EDEN R. BUCHER, ESQ. | PHILADELPHIA COUNTY COURT OF COMMON PLEAS LAW DIVISION<br><br>TERM, 2017<br><br>No.<br><br>**JURY TRIAL DEMANDED**<br><br>**THIS IS NOT AN ARBITRATION MATTER** |

## CERTIFICATE OF MERIT AS TO DEFENDANT EDEN R. BUCHER ESQ.

I, Robert Mongeluzzi , certify that:

☒ an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

AND/OR

☐ the claim that this defendant deviated from acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

OR

☐ expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against this defendant.

Respectfully submitted,

SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.

Case ID: 171102001

BY: */s/ Robert J. Mongeluzzi*
    ROBERT J. MONGELUZZI
    DAVID L. KWASS
    ELIZABETH A. BAILEY
    Attorneys for Plaintiff, David A. Eisenberg, as Chapter 7
    Trustee of Wilton Armetale, Inc. a/k/a Wapita, Inc.

Dated: November 20, 2017